PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FRANCISCO CARDONA RODRIGUEZ, ) | CASE NO. 4:13 CV 25 |
| ) | |
| Plaintiff, ) | JUDGE BENITA Y. PEARSON |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| MICHAEL PUGH, et al., ) | AND ORDER |
| ) | |
| Defendants. ) | |

## I. INTRODUCTION

On January 4, 2013, Plaintiff *pro se* Francisco Cardona Rodriguez, an federal inmate at the Northeast Ohio Correctional Center (NEOCC), filed the above captioned *in forma pauperis* civil rights action against NEOCC Warden Michael Pugh, Assistant Warden Dennis Johnson, and Hospital Administrator D. Hivner. Plaintiff alleges he feels he is being denied proper medical treatment because he has not received specialized treatment after his cancer surgery. He asserts Defendants have consequently violated his rights under the Eighth and Fourteenth Amendments. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

## II. LEGAL STANDARD

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking § 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. V. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

### III. LAW AND ANALYSIS

Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate Eighth Amendment protections. *Hudson v. McMillian*, 503 U.S. 1,9 (1992). Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). There are no facts set forth in the complaint reasonably suggesting such indifference.

Even had plaintiff set forth sufficient allegations to sustain a constitutional claim based on deliberate indifference, such a claim is not cognizable under *Minneci v. Pollard*, 132 S.Ct. 617 (2012). In *Minneci*, the Supreme Court held a federal prisoner could not assert a *Bivens*[2] claim for

---

1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

[2] *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

deliberate indifference to serious medical needs under the Eighth Amendment because California state tort law provided an alternative, existing process capable of protecting the constitutional interests at stake. In so holding, the Court noted it had "found specific authority indicating that state law imposes general tort duties of reasonable care (including medical care) on prison employees in every one of the eight States where privately managed secure federal facilities are currently located," including Ohio. *Id*. at 624-25. The Court also stated that "where, as here, a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law." *Id.* at 625.

Thus, even construing the complaint liberally in a light most favorable to the plaintiff, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), it does not contain allegations reasonably suggesting he might have a valid federal claim. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Accordingly, the request to proceed *in forma pauperis* is granted and this action is dismissed under §1915(e). The dismissal is without prejudice to any valid state law claim plaintiff may have under the facts alleged. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

| | |
|---|---|
| July 22, 2013<br>Date | */s/ Benita Y. Pearson*<br>Benita Y. Pearson<br>United States District Judge |